(136 App. Div. 868.)

SECULAR v. BOOKSTABER.

(Supreme Court, Appellate Division, Second Department. March 31, 1910.)

1. CONTRACTS (§ 171*)—ENTIRE CONTRACT.

An agreement by another to pay defendant a weekly salary as drug clerk and a certain sum to compensate him for expenses incurred in preparing to begin business for himself, in consideration of defendant's agreement to work for such other a year and not to open a drug store within a certain distance of the other's store, was an entire contract.

[Ed. Note.—For other cases, see Contracts. Cent. Dig. §§ 754, 756; Dec. Dig. § 171.*]

2. PAYMENT (§ 7*)—WAIVER—POSTPONEMENT OF DATE OF PAYMENT.

One to whom money was due under a contract waived his right to immediate payment by accepting a check and agreeing to wait for payment until the check was due.

[Ed. Note.—For other cases, see Payment, Cent. Dig. § 11; Dec. Dig. § 7.*]

.3. CONTRACTS (§ 312*)—PERFORMANCE—BREACH.

One who agreed to pay defendant a certain sum, to compensate him for expenses incurred in preparing to start a drug store, in addition to his salary, in consideration of defendant's agreement to work as his drug clerk for a year, and not to start in business for himself near the other's store, breached his contract by failing to pay defendant checks given for the sum he agreed to pay, so as to justify defendant leaving his employment and starting in business for himself within the prohibited distance from the other's store.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1279½; Dec. Dig. § 312.*] ·

·4. ASSIGNMENTS (§ 94*) — RIGHTS OF ASSIGNEE — RIGHTS AT TIME OF ASSIGNMENT.

The rights of the assignee of a contract depend upon the rights of the parties thereto at the time of the assignment, and where at that time the assignor had breached his agreement to pay the other party money, the assignor's subsequent payment of such money could not be relied on by the assignee to put the other party in default.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 162, 164; Dec. Dig. § 94.*]

---

·*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by Jacob Secular against Henry Bookstaber. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and BURR, THOMAS, RICH, and CARR, JJ.

Bennett E. Siegelstein, for appellant.

S. E. Oppenheim (Henry J. Mayers, on the brief), for respondent.

BURR, J. Prior to October, 1908, defendant had been employed for several years as a drug clerk by Jacob Rosenberg, plaintiff's assignor. At that time he left his employ and made arrangements to open a drug store on his own account in the immediate neighborhood. At the solicitation of Rosenberg he consented to abandon his project and return to his service. There is some conflict of evidence as to the terms of the contract then made; but, if we accept Rosenberg's version thereof, it was that defendant should be paid $153, the amount of expenses incurred by him in connection with fitting up his new store, that he should be employed for one year at a salary of $25 a week, and that he should not open another drug store within four or five blocks of that owned by Rosenberg. In the latter part of January, 1909, defendant left Rosenberg's employ and did open a drug store upon the same block with him. This action is brought to recover the $153 which it was claimed was paid to the defendant.

The first question in this case is: Who broke the contract? The jury found that the defendant was guilty of the breach. We are asked to reverse the judgment entered on their verdict upon the ground that it was against the weight of the evidence. Defendant contends that the contract of employment and that as to his refraining from engaging in business as Rosenberg's immediate competitor was an entire one. We think that it was. Defendant further contends that the evidence establishes that Rosenberg's treatment of him was such that he was justified in leaving his employ before the end of the stated term. Whatever the fact may be as to the treatment accorded defendant, upon Rosenberg's own testimony he was clearly at fault, so far as that part of the contract is concerned which related to indemnifying defendant for the expenses incurred by him in connection with his business enterprise prior to October, 1908. The sum of $153 was to be paid in cash. It was not. It is true that it appears that by receiving a check dated November 1st defendant waived immediate payment and agreed to wait until the due day of the check. But when that day arrived Rosenberg failed to pay the same, and with defendant's consent the amount was divided into three parts, represented by three checks, one for $53 and two for $50 each, and dated November 1st, December 1st, and January 1st, respectively. The $53 check was paid in two installments. The other checks were not paid up to January 30, 1909, when defendant left Rosenberg's employ and started in business for himself, although one of them was then past due two months, and the other a month.

Rosenberg testified that defendant never asked for payment of these checks. This story is incredible, and the strong weight of evidence is to the contrary. Rosenberg admitted on cross-examination that after giving these checks, and before the dates specified therein as the dates of payment, he closed his account with the State Bank upon which they were drawn, and he would not deny that they had been deposited for collection and returned unpaid. Therefore when, on January 30th, defendant left Rosenberg's employ and started in business for himself, he was perfectly justified in doing so. It appears that just before the trial of this action in November, 1909, Rosenberg did pay these two checks. The conditions under which they were paid are not disclosed, but such payment does not in any way inure to the benefit of the plaintiff. The assignment to him of the claim in suit was made in February, 1909, and his right to recover in this action depends upon the rights of the parties as they then existed. At that time Rosenberg was clearly in default for failure to pay two of his checks for $50 each. The claim which plaintiff purchased at that time, and upon which this action is brought, was worthless.

The judgment appealed from should be reversed, and a new trial ordered; costs to abide the event. All concur.